ROSE O'BANNER, RESPONDENT, v. EDWARD
PENDLEBURY, APPELLANT.

Submitted May 29, 1930—Decided February 2, 1931.

For the appellant, *Harry E. Walburg.*

For the respondent, *Raymond H. Cohen* and *Joseph C. Paul.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   Edward Pendlebury, the de-
fendant below, was a general contractor in charge of work

being performed at a public playground in the town of Kearny. He subcontracted a part of the work to one John Graves. The plaintiff's husband, David O'Banner, was an employe of this subcontractor, engaged in work required to be done by the latter, and while engaged in such work, as is claimed by his wife, met with an accident which caused his death. The plaintiff then instituted proceedings in the workmen's compensation bureau against her husband's employer, Graves, and recovered a compensation award totaling $3,310. Pendlebury was not made a party to these proceedings. He was not served with process; he had no notice of their institution, and did not have any opportunity to appear and defend against them. The plaintiff, not having been able to collect from the said Graves the amount awarded to her by the workmen's compensation bureau, instituted the present suit against Pendlebury, the principal contractor, to collect from him the amount so awarded to her. The case came on to be heard before the court without a jury, and it was conceded that Graves, the subcontractor, had failed to carry workmen's compensation insurance, as required by the amendment of 1924 to the statute of 1917 (*Pamph. L., p.* 244), and the insistment of the plaintiff was that, because of that fact, the defendant, Pendlebury, was liable for the amount of the award, basing this claim upon the amending act. The statutory provision referred to provides that "any contractor placing work with a subcontractor shall, in the event of the subcontractor's failing to carry workmen's compensation insurance as required by this act, become liable for any compensation which may be due an employe or the dependents of a deceased employe of said subcontractor." At the close of the trial a judgment was directed in favor of the plaintiff and against the defendant, Pendlebury, for the total amount of the award made by the workmen's compensation bureau, and from that judgment the latter has appealed.

The principal contention made before us on the part of the appellant is that the provision of the statute upon which the respondent's claim is based is invalid, first, because it

deprives him of his property without due process of law, in violation of the fourteenth amendment of the federal constitution; second, because it deprives him of the equal protection of the laws, in violation of said amendment; and third, because it embraces more than one object, in violation of article 4, section 7, paragraph 4, of our state constitution.

The scope of the amendment of 1924 was discussed in an opinion of this court in the case of *Corbett* v. *Starrett Bros.*, 105 *N. J. L.* 228. The question of its constitutionality, however, was not there raised and was not passed upon by us. Taking up its consideration now, we conclude that the contention of the appellant is not justified; that is, that the statute does not violate either of the provisions of the federal constitution or that of the state constitution hereinbefore referred to.

For more than one hundred years past our courts have consistently held that, in considering the validity of a statute which permits of two constructions, one of which will render it unconstitutional and the other not, such construction shall be given to it as will make it in accordance with the constitution, the reason being that it must be presumed that the legislature did not intend to violate any constitutional provisions in passing the statute. The amendment of 1924 creates a liability against the principal contractor in case the subcontractor fails to carry workmen's compensation. This liability, however, is not for the amount which the workmen's compensation bureau may award the employe, or, in case of his death, his dependents, in a proceeding brought against the subcontractor alone, but *for any compensation which may be due* an employe or the dependents of a deceased employe of said subcontractor. Whether any compensation is due from the subcontractor to the employe or his dependents, and if so, what sum will constitute such compensation, are matters in which the principal contractor is vitally interested where the employe or his dependents intend to hold him liable under the statute. This being so, it may properly be presumed that the legislature intended, by the enactment of the statutory provision, that the primary contractor should

be entitled to be present at the hearing had before the workmen's compensation bureau, and to submit evidence before that tribunal as to the existence of the liability on the part of the subcontractor, and, if such liability was made to appear, then as to the amount which the employe or his dependents was or were entitled to recover as compensation for his injuries or death. To construe the statute as barring the principal contractor from any such right, and imposing liability upon him without his being permitted to be heard upon these two matters, would justify the appellant's contention that it deprives him of his property without due process of law. The statute is silent as to the right of the principal contractor to be heard. It neither affirms nor denies it. In this situation, the rule of construction above referred to justifies an interpretation of the act which will afford the principal contractor the full protection given to him by the provisions of the federal constitution already cited.

As to the contention that the statute violates the state constitution in that it embraces more than one object, it is sufficient to say that a mere reading of the enactment satisfies us that this contention is without merit.

In addition to the matters which have been discussed, the appellant further contends generally that there was error in the court's finding that the respondent was entitled to a judgment against him for the amount of the award made by the workmen's compensation bureau. What we have already stated indicates our view that, under the facts submitted, the respondent was not entitled to a judgment against the appellant for the amount of that award or any part thereof.

We conclude that the judgment under review should be reversed, for the reason last indicated.

*For affirmance*—TRENCHARD, J.  1.

*For reversal*—THE CHIEF JUSTICE, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ.  13.